# In the United States Court of Federal Claims

GREGORY C. CAMPBELL,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

No. 24-1290

(Filed: September 26, 2024)

*Gregory C. Campbell*, pro se, Colorado Springs, CO.

*Jenna Elizabeth Munnelly*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

**OPINION AND ORDER**

**LERNER**, *Judge*.

    Plaintiff Gregory C. Campbell, proceeding pro se, filed a complaint in this Court on August 21, 2024. Compl., ECF No. 1. Mr. Campbell alleges that a private company stole his proposed idea for an invention and received a patent from the United States Patent and Trademark Office ("USPTO") in 2000 or 2001 without his approval. *Id.* He claims that the company—and by extension, the United States—is liable for patent and copyright infringement, theft of intellectual property, and assorted other legal violations. Also pending before the Court is Mr. Campbell's Application to Proceed In Forma Pauperis. ECF No. 2.

    For the reasons below, Mr. Campbell's Complaint is **DISMISSED** without prejudice. In addition, his Application to Proceed In Forma Pauperis is **GRANTED**.

**I.   Background**

    Mr. Campbell alleges he invented a technology called "Automated for Phonics," an interactive electronic reading aid for children. Compl. at 2. In 1999, hoping to develop Automated for Phonics into a retail product, Mr. Campbell contacted Invention Technologies (also referred to as "Invent-Tech"), a Florida company that purported to assist inventors. *Id.* In 2000, Mr. Campbell states he sent drawings and proposed details to Invention Technologies and its Project Director, Rick Mendez. *Id.*; Compl. Ex. 3 at 1–2. Mr. Campbell alleges he signed a "Non-Disclosure Agreement Form." Compl. at 2. He also avers he entered an agreement for Invention Technologies to conduct a preliminary patent search related to his invention "with the understanding that submitting [his] concept is not a release and further that this information cannot be used[,] disclosed, or sold" without his permission. *Id.* But after Mr. Mendez "called

1

[Mr. Campbell]" and told him "how much it would be to start a patent," Mr. Campbell declined to proceed with the patent process because he "didn't have the money" and "things were put on hold." *Id.* *See also* Compl. Ex. 3 at 6 ("Invent-Tech asked us for a large amount of money down and we did not have it right at that time.").

A month later, Mr. Campbell alleges he received a call from Mr. Mendez stating that "he got funding from the Government" to build Mr. Campbell's invention. Compl. at 2. Plaintiff claims he was under the impression that his invention "would not be able to be taken and put on the market" for three years according to his agreements with Invention Technologies. Compl. Ex. 3 at 6. Mr. Campbell accuses Mr. Mendez and Invention Technologies of proceeding without his knowledge to get a patent from the USPTO "to make the product illegally and to apply and get funding illegally" from the United States. Compl. at 2. Mr. Campbell contends that within eight months of sending Mr. Mendez his proposal, Invention Technologies put a similar product called "Leap Frog" on the market. Compl. Ex. 3 at 6.

Mr. Campbell alleges that Mr. Mendez and Invention Technologies stole his invention, violated his nondisclosure agreement and other written agreements, and fraudulently developed his product. Compl. at 1–2. He asserts these acts constitute patent infringement, copyright infringement, theft of his intellectual property, breach of contract, and a "taking of private property of contracts involving the federal government." *Id.* at 1. He asks this Court to award him ownership and patent rights for his claimed invention, and provide due process and royalties. *Id.* at 3. Mr. Campbell also requests to proceed In Forma Pauperis. ECF No. 2.

## II.   Subject Matter Jurisdiction

The Tucker Act grants the Court of Federal Claims jurisdiction over "certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). It is Plaintiff's burden to "identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). In determining jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Although courts must liberally construe pro se plaintiffs' filings, plaintiffs still bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). This Court "must dismiss claims outside its subject matter jurisdiction" and may do so at any time. *Bishop v. United States*, 166 Fed. Cl. 742, 745 (2023). *See also* Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

The Court of Federal Claims "is a court of limited jurisdiction." *Bishop*, 166 Fed. Cl. at 744. 28 U.S.C. § 1498(a) grants the Court jurisdiction over patent infringement claims against the United States. 28 U.S.C. § 1498(b) also provides this Court with exclusive jurisdiction over claims of copyright infringement against the United States. Under the Tucker Act, this Court has jurisdiction over contract claims against the government. 28 U.S.C. § 1491(a)(1). The Tucker Act expressly excludes jurisdiction over cases sounding in tort. *Id.* Finally, suits brought against the United States in this Court are generally subject to a six-year statute of limitations, a requirement that is jurisdictional. 28 U.S.C. § 2501. *See also John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1354 (Fed. Cir. 2006) (holding statute of limitations is a

jurisdictional requirement in the Court of Federal Claims), *aff'd*, 552 U.S. 130 (2008). For the following reasons, Plaintiff's allegations fail to establish the Court's jurisdiction or do not state a claim on which relief may be granted.

### A. The Court Lacks Jurisdiction Over Claims Against Private Parties.

This Court's jurisdiction is confined to "claims against the United States." *Walsh v. United States*, 250 F. App'x 310, 311 (Fed. Cir. 2007). "It is well established that the United States Court of Federal Claims lacks jurisdiction to hear claims against private parties . . . ." *Ash v. United States*, 170 Fed. Cl. 761, 769 (2024). Thus, this Court lacks jurisdiction over any claims against Mr. Mendez or Invention Technologies.

### B. The Court Lacks Jurisdiction Over Mr. Campbell's Patent Claims.

Plaintiff's Complaint alleges patent infringement and, liberally construed, brings this allegation against the United States. *See* Compl. at 2 (explaining "this is where I believe the U.S. is involved"). Under 28 U.S.C. § 1498(a), this Court has jurisdiction over patent infringement claims against the United States, but only if the government is alleged to have infringed a patent itself:

> Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the *owner's remedy* shall be by action against the United States in the United States Court of Federal Claims . . . .

28 U.S.C. § 1498(a) (emphasis added).

In addition to the government needing to have improperly used or manufactured a patent, "[t]o invoke this Court's patent jurisdiction, a plaintiff must be a 'patentee,' which 'has been interpreted to require that a suit for infringement must ordinarily be brought by a party holding legal title to the patent[.]'" *Perry v. United States*, 149 Fed. Cl. 1, 15–16 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021) (quoting *Mynette Tech. v. United States*, 139 Fed. Cl. 336, 343 (2018)) (cleaned up); *see also* 28 U.S.C. § 1498(a) (describing suits in this court as the patent "owner's remedy").

In this case, Mr. Campbell does not allege that he is a "party holding legal title to the patent." *Mynette Tech.*, 139 Fed. Cl. at 343. In fact, his Complaint suggests the opposite—that he never applied for a patent because he lacked the money to do so. Compl. at 2; Compl. Ex. 3 at 6. He also acknowledges that the holder of the patent at issue is Mr. Mendez or Invention Technologies. Compl. at 2 ("Mendez [etc.], was able to get a Patent from [the USPTO]."). Mr. Campbell's failure to allege ownership of an issued patent prevents this Court from exercising jurisdiction. *See, e.g.*, *Chinsammy v. United States*, 95 Fed. Cl. 21, 24 (2010), *aff'd*, 417 F. App'x 950 (Fed. Cir. 2011) (finding no jurisdiction under § 1498(a) over claims of "infringement of unissued patents"); *Strougther v. United States*, 89 Fed. Cl. 755, 762 (2009).

Plaintiff's assertion that Mr. Mendez was able to "make the product illegally and apply and get funding illegally" from the government does not establish this Court's patent jurisdiction. Compl. at 2. This Court only has jurisdiction over patent infringement cases brought against the government. *Perry*, 149 Fed. Cl. at 15. Therefore, it lacks jurisdiction over claims related to any "alleged mishandling of [Invention Technologies'] patent applications." *Perry*, 2021 WL

2935075, at *4.  To the extent that Mr. Campbell believes Mr. Mendez and Invention Technologies received a patent in error, "[t]here are established remedies for challenging unfavorable decisions from the USPTO," but "[s]eeking monetary compensation from the United States in the Court of Federal Claims is not one of them."  *Pulnikova v. United States*, No. 22-1664C, 2023 WL 4743021, at *6 (Fed. Cl. July 25, 2023), *aff'd*, No. 2023-2299, 2024 WL 3738447 (Fed. Cir. Aug. 9, 2024).

Finally, the Court's six-year statute of limitations applies to patent claims.  28 U.S.C. § 2501.  *See also* 35 U.S.C. § 286.  A patent claim accrues once the infringing device is "available for use" and that use occurs.  *Bondyopadhyay v. United States*, 149 Fed. Cl. 176, 193–94 (2020), *aff'd*, 850 F. App'x 761 (Fed. Cir. 2021).  The Complaint indicates Plaintiff had sent his designs to Mr. Mendez by July 19, 2000.  Compl. at 2; Compl. Ex. 3 at 1–2.  Plaintiff alleges the infringing product was available for use as a retail product around eight months later—by March 2001 at the latest.  *See* Compl. Ex 3 at 6.  This means the limitations period expired by March 2007, and Mr. Campbell filed his Complaint seventeen years too late.  The limitations period may be tolled up to six years between the time when a patentee files a "written claim for compensation" with a federal agency and when the claim is resolved.  35 U.S.C. § 286.  *See also Bondyopadhyay*, 149 Fed. Cl. at 192–93.  However, Mr. Campbell does not allege he submitted any such claim to a federal agency.  Compl. at 1–3.  And even if he had, the statute of limitations could have only been tolled up to six years.  Thus, his patent claims are time-barred.

### C. The Court Lacks Jurisdiction over Plaintiff's Copyright Claim or Alternatively, Plaintiff Fails to State a Claim.

28 U.S.C. § 1498(b) also grants this Court exclusive jurisdiction over claims that any work "protected under the copyright laws of the United States" has been "infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government."  28 U.S.C. § 1498(b).  Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made" with the United States Copyright Office.  17 U.S.C § 411(a).  Therefore, "actual copyright registration, or the denial of copyright registration, is required prior to bringing suit for copyright infringement."  *Jennette v. United States*, 77 Fed. Cl. 126, 131 (2007); *see also El Bey v. United States*, 152 Fed. Cl. 773, 776 (2021).

This Court lacks jurisdiction when a "[p]laintiff . . . fail[s] to allege any facts demonstrating the existence of, or attempt to register, a valid copyright."  *Lisa Richardson-Henderson Tr. v. United States*, No. 23-CV-1896, 2024 WL 3688527, at *11 (Fed. Cl. Aug. 6, 2024).  *See also Jennette*, 77 Fed. Cl. at 131 (dismissing for lack of jurisdiction because "plaintiff has not even asserted that he sought copyright registration in his Complaint or the attached documentation").  This Court has also treated this requirement as a non-jurisdictional element of a copyright claim and accordingly has dismissed for failure to state a claim.  *See, e.g.*, *El Bey*, 152 Fed. Cl. at 776 (dismissing for failure to state a claim because plaintiff "asserts no facts to support his claim that he holds a valid copyright"); *Roberson v. United States*, 115 Fed. Cl. 234, 241 (2014) ("Nowhere in plaintiff's complaint does she allege that she has registered or followed the requirements for preregistering the copyright."); *Lisa Richardson-Henderson Tr.*, 2024 WL 3688527, at *12 (dismissing on both jurisdictional and failure to state a claim

4

grounds). Regardless of how the registration requirement is characterized, Mr. Campbell's Complaint does not allege he complied with it, either by registering or attempting to register his copyright. Compl. at 1–3. As a result, Plaintiff's copyright claim must be dismissed.

In addition, copyright claims against the United States have a three-year statute of limitations. 28 U.S.C. § 1498(b). *See also* 17 U.S.C. § 507(b). A claim arises "when an infringing act occurs." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014). Although this limitations period may also be tolled during the time a federal agency considers a written claim, there is no evidence Plaintiff submitted any such claim. 28 U.S.C. § 1498(b). *See also* Compl. at 1–3. In addition, successive discrete infringing acts may start a new limitations period. *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489, 494 (2019). Thus, whether the limitations period has run depends on whether Plaintiff has alleged any infringing acts.

Mr. Campbell does not allege any infringing acts by the United States sufficient to start a new limitations period or state a claim for infringement. *See* Compl. 1–3. Copyright protection "extends only to the *expression* of an idea," *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1354 (Fed. Cir. 2014) (emphasis added), and does not extend to an "idea, procedure, [or] process . . . regardless of the form in which it is described, explained, [or] illustrated." 17 U.S.C. § 102(b). Therefore, to allege infringement, Mr. Campbell "must show the expression of the idea that is being copied, not just that someone allegedly used his . . . idea." *Majersky v. United States*, No. 23-1548, 2024 WL 2797457, at *3 (Fed. Cl. May 31, 2024). *See also Keehn v. United States*, 110 Fed. Cl. 306, 332 n.9 (2013), *aff'd*, 541 F. App'x 996 (Fed. Cir. 2013) (explaining copyright law does not protect "inventions").

Mr. Campbell states he created an invention, not a work of authorship or expression. Compl. at 2. While Plaintiff attached copies of the designs he sent to Invention Technologies, he does not contend these are written expressions or, as discussed above, allege a valid copyright registration. Compl. Ex. 3 at 1–2. The Complaint is devoid of any allegations or evidence that the government or Invention Technologies copied any expression rather than merely used his idea within the past three years—or at any point. Compl.; Compl. Ex. 3. Thus, because the copyright claim is both time-barred and fails to state a claim, it must be dismissed.

### D. Plaintiff's Complaint Does Not Otherwise Establish Jurisdiction or State a Claim.

Even when liberally construed, Plaintiff's remaining allegations similarly do not establish jurisdiction or state a claim on which relief can be granted.

The Complaint's reference to "contracts involving the federal government" could be construed to allege a contract claim. Compl. at 1. The Tucker Act grants this Court "jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). To establish jurisdiction, it is a plaintiff's burden to "identify and plead a[n] . . . independent contractual relationship" with the United States "that provides a substantive right to money damages." *Crewzers Fire Crew Transp., Inc. v. United States*, 111 Fed. Cl. 148, 153 (2013), *aff'd*, 741 F.3d 1380 (Fed. Cir. 2014).

While Mr. Campbell claims to have multiple contracts with Invention Technologies, he does not allege the existence of a contract—express or implied—with the United States. Compl.

at 2. Even if it is true that the United States funded Invention Technologies, it does not follow that it would be liable for Invention Technologies' alleged breach of contract. *See, e.g.*, *Turping v. United States*, 913 F.3d 1060, 1067 (Fed. Cir. 2019) ("[F]unding and regulating programs designed for the public good . . . do[es] not establish any contractual obligation . . . on the part of the United States."). Further, had Mr. Campbell alleged a cognizable contract claim based on actions in 2000 or 2001, the six-year limitations period for bringing it expired in 2007 at the latest. *See* 28 U.S.C. § 2501; *Higgins v. United States*, 589 F. App'x 977, 980–81 (Fed. Cir. 2014).

The Complaint also generally alleges "theft" of "intellectual properties." Compl. at 1. It suggests that the United States was negligent in issuing Mr. Mendez and Invention Technologies a patent without doing due diligence. *Id.* at 2 ("A failed check would [] have revealed Mr[.] Ricky Mendez unmastered [sic] mind plots."). The Court "lacks jurisdiction to review [these] . . . negligence and intellectual property theft" claims because they sound in tort and are thus outside the Tucker Act's jurisdiction. *Aljindi v. United States*, No. 2022-1117, 2022 WL 1464476, at *2 (Fed. Cir. May 10, 2022); *see also* 28 U.S.C. § 1491(a). Similarly, this Court lacks jurisdiction over allegations of "bad faith, fraudulent, and criminal conduct by the USPTO." *Perry*, 2021 WL 2935075, at *4 (citing *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997)).

Finally, the Takings Clause of the Fifth Amendment is money-mandating, so this Court does have jurisdiction over claims for just compensation when the government lawfully takes private property for public use. *Pellegrini v. United States*, 132 Fed. Cl. 64, 70 (2017). As an initial matter, a six-year statute of limitations applies to takings claims. *See, e.g.*, *John R. Sand & Gravel*, 457 F.3d at 1354. Assuming any taking occurred in 2000 or 2001, Mr. Campbell appears to be far outside the limitations period, and thus this Court lacks jurisdiction.

As importantly, a plaintiff is only entitled to compensation under the Takings Clause when they have "a valid property interest at the time of the taking[.]" *Wyatt v. United States*, 271 F.3d 1090, 1096 (Fed. Cir. 2001). Plaintiff does not allege that he held a valid patent or copyright, and identifies no other cognizable property interest. Compl. at 2. "[E]ven if [Mr. Campbell] held a patent, or had a registered copyright or proof that a copyright application had been made," infringement of these property rights cannot state a takings claim under the Fifth Amendment. *Keehn*, 110 Fed. Cl. at 335 ("Because 28 U.S.C. § 1498(b) provides the exclusive remedy for claims of copyright infringement against the government, plaintiff does not have a cognizable claim under the Fifth Amendment . . . ."); *see also Golden v. United States*, 955 F.3d 981, 987 (Fed. Cir. 2020) ("[A] patent owner may not pursue an infringement action as a taking under the Fifth Amendment."). As a result, Plaintiff fails to allege facts sufficient to state a taking. This claim must be dismissed.

### III.   Conclusion

For the reasons set forth above, Mr. Campbell's Complaint is **DISMISSED** without prejudice. In addition, Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

6

s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge
